CHARLES G. CURTIS *vs.* DANIEL G. LITTLEFIELD & others.

A. and B. entered into a written contract, by the terms of which A. agreed to make within one year, for a certain price, one thousand sewing machines for B., using B.'s tools and machinery and all parts of machines already completed and in B.'s possession, and at the completion of the work to leave such odd parts of machines as might be on hand; B. agreed to furnish necessary materials, to expend a certain sum for machinery, and to advance, for A.'s convenience in paying for labor, a certain sum each month, with a further stipulation, in case A. should not realize for his own services as much as fifteen hundred dollars for the year, to pay him enough to make up that sum to him. After eight months' work under this contract, the parties mutually agreed in writing to annul it, A. . agreeing to pay for all work done on the machines to a time three weeks prior to the making of the last agreement, and B. agreeing to pay for all work done since that time. *Held*, in an action by A. to recover for sums paid by him for work done since the time specified in the last agreement, that B. was not entitled to claim allowance for sums advanced by him from time to time, in pursuance of the original contract, or for articles furnished to A. for use in the construction of the machines.

CONTRACT brought to recover, amongst other things, for sums of money paid by the plaintiff for labor done upon certain sewing machines, between the 1st and the 22d of March 1862, which he was making for the defendants, under a written contract, signed by him and them, dated July 23d 1861, the material parts of which were as follows:

"Mr. Curtis agrees to make, within one year, one thousand sewing machines, complete for placing upon tables, except ornamenting and silver plating." "Mr. Curtis is to have the use of any or all of the machinery and tools belonging to the company, for the purpose, at any time he may wish. He is to use the parts of machines already partially prepared on hand, and, on completion of the job, leave one hundred and eighty-four bed pieces finished — the same number as is now on hand — and also to leave such odd parts of machines as may be on hand at that time. Machinery to be carefully used, and left in good order, with all the preparation for manufacturing sewing machines. Sewing machine company to furnish necessary materials, and expend five hundred dollars, but not to exceed this amount, for machinery necessary for the business; to pay Mr. Curtis ten dollars per machine, for making as before stated.

advancing for his convenience in paying labor a sum not exceed-ing one thousand dollars per month ; the sum advanced not to be more than required for the above mentioned purpose. After the above agreement is fulfilled by Mr. Curtis, if it shall appear that he will make a loss at the above named price, reckoning his own services at the rate of fifteen hundred dollars per an-num, then the sewing machine company agree to make up said loss to the amount of fifteen hundred dollars, but not exceeding that sum."

At the trial in the superior court, before *Morton,* J., it ap-peared that the plaintiff prosecuted the manufacture of sewing machines under this contract from the time of its date till the 22d of March 1862, the defendants advancing to him money within that time to the amount of $5100 in all, and also fur-nishing to him certain articles used in the manufacture of the machines, which were charged by them, in a declaration in set-off, in which the above items of cash were also included, at the sum of $231.36. The plaintiff testified that out of the cash so received by him he paid for all the labor of others which was done under the original contract, prior to March 1st 1862. On the 22d of March 1862, some difficulty arose between the parties, and they met and entered into the following agree-ment :

" This is to certify that the contract made between the Flor-ence Sewing Machine Company and C. G. Curtis, on the 23d day of July A. D. 1861, to build one thousand sewing machines by the said Curtis, is hereby annulled by mutual consent, the said Curtis agreeing to pay for all labor done on said machines to the 1st day of March A. D. 1862, and the company for all labor done since that time."

The plaintiff offered evidence to prove the payment by him of the sums declared on. The defendants contended that, un-der the contract of March 22d 1862, and by the plaintiff's stip-ulation therein to pay for all labor done on machines prior to March 1st 1862, he became accountable to them for all the cash advanced, and also for the articles furnished by them to him, as stated above ; but the judge ruled otherwise.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*S. T. Spaulding*, for the defendants.

*J. Wells & M. P. Knowlton*, for the plaintiff.

BIGELOW, C. J.    The construction of the agreement by which the parties stipulated to annul the previous contract subsisting between them seems to us to be free from difficulty.   Construed with reference to such previous contract and the transactions of the parties under it, it is clear that the intention was that the plaintiff was to retain the money which had been advanced to him by the defendants for the purpose of paying for the labor done in manufacturing machines prior to the first day of March 1862, and was to pay all claims for such labor which accrued prior to that date ; the defendants stipulating to pay for all work subsequently performed.   This interpretation · gives full effect to the words of the agreement, and seems to be the only reasonable and just view of which the stipulations of the respective parties are susceptible.   The construction suggested by the defendants is open to the grave objection that it leads to a result so manifestly unequal and unjust that it could not have been contemplated by the parties.   As construed by the defendants, the effect of the agreement would be that the property in all the machines, both those which were finished and those which were in process of manufacture on the first day of March 1862, would be vested in them, whereby they would receive the benefit of all the labor expended on them by the plaintiff and those whom he had employed to work on them during the eight months that the first contract was in force ; while at the same time they would have a right to recover back all the money which they had advanced to the plaintiff under the contract on account of such labor.   We cannot adopt an interpretation which gives to the stipulations of the agreement in question an operation so manifestly unreasonable.

Nor do we think that the defendants can recover for the articles charged in their account in set-off.   These articles clearly come within that clause in the first contract by which the defendants agreed to supply materials necessary to the manufacture

of the machines. The defendants had the full benefit of all their materials. They were used in the machines which were on hand, finished and unfinished, at the time the contract was annulled, and which were the property of the defendants. They cannot now seek to charge the plaintiff with the value of them.

The fallacy of the arguments urged by the defendants consists in the assumption that by the agreement annulling the first contract it is to be regarded as rescinded, *ab initio,* and that the rights of the parties are to be adjusted in the same manner as if no such contract had ever existed. Such, we think, was not the intent of the parties. On the contrary, the labor done, materials furnished and money advanced under that contract prior to the first day of March 1862 were treated by the parties as coming under its stipulations, and the claims of the respective parties arising out of their dealings and transactions under that contract were intended to be settled finally by the agreement which put an end to it ; the effect of which was to give° to the defendants the benefit of all the labor performed and materials supplied up to the date of the termination of the contract, and to allow the plaintiff to retain the money advanced, with which he was to pay for the work which had been performed prior to that time. *Exceptions overruled.*